IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and CHARLES A. WHOBREY, as Trustee, <br><br> *Plaintiffs*, <br> v. <br><br> SIXSONS, LLC, a Michigan limited liability company; P&R II, LLC, a Michigan limited liability company; PAUL RUTHENBERG, an individual; and ROBERTA HILL-RUTHENBERG; an individual, <br><br> *Defendants*. | Case No. 25-cv-8041 <br><br> Judge <br><br> Magistrate Judge |

## **COMPLAINT**

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund and Charles A. Whobrey, one of its present trustees, for a cause of action against Defendants allege as follows:

### **JURISDICTION AND VENUE**

1. This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. § 1001 *et seq.*, and under Michigan's Uniform Voidable Transactions Act ("MUVTA"), Mich. Comp. Laws § 566.31 *et seq.* This Court has jurisdiction over this action under 29 U.S.C. §§ 1132(e), 1132(f) and 1451(c), and under 28 U.S.C. §§ 1331 and 1367.

2. Venue lies in this Court under 29 U.S.C. §§ 1132(e)(2) and 1451(d), in that the Central States, Southeast and Southwest Areas Pension Fund (the "Pension Fund") is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal and exclusive place of business in Chicago, Illinois.

## PARTIES

3. The Pension Fund is a multiemployer pension plan within the meaning of 29 U.S.C. §§ 1002(37) and 1301(a)(3).

4. Plaintiff Charles A. Whobrey is a present trustee and fiduciary of the Pension Fund within the meaning of 29 U.S.C. § 1002(21)(A), and he and his fellow trustees are the plan sponsor of the Pension Fund within the meaning of 29 U.S.C. § 1301(a)(10). The trustees administer the Pension Fund at 8647 West Higgins Road in Chicago, Illinois.

5. Pursuant to 29 U.S.C. §§ 1132(a)(3) and 1451(a)(1), the trustees, by and through their designated trustee Charles A. Whobrey, are authorized to bring this action on behalf of the Pension Fund, its participants, and its beneficiaries.

6. Defendant Sixsons, LLC ("Sixsons") is a limited liability company organized in the State of Michigan.

7. Defendant P&R II, LLC ("P&R II") is a limited liability company organized in the State of Michigan.

8. Defendant Paul Ruthenberg is an individual who resides in the State of Michigan.

9. Defendant Roberta Hill-Ruthenberg is an individual who resides in the State of Michigan.

10. During all relevant periods of time, Paul Ruthenberg and Roberta Hill-Ruthenberg have been married.

## FACTUAL BACKGROUND

I.  **The Midwestern Sanitation Controlled Group.**

11. Non-party Midwestern Sanitation Company ("Midwestern Sanitation") is a corporation organized under the laws of the State of Michigan.

12. During the period from before 2017 through at least July 15, 2023, Defendant Paul Ruthenberg was the president and shareholder of Midwestern Sanitation and also managed its day-to-day operations.

13. On December 31, 2020, Paul Ruthenberg directly or indirectly owned at least 80% of the total combined voting power of all classes of outstanding stock entitled to vote of Midwestern Sanitation or at least 80% of the total value of outstanding shares of all classes of stock of Midwestern Sanitation.

14. During the period from no later than November 13, 2020 through the present, Paul Ruthenberg has been the president and sole member of Sixsons.

15. On December 31, 2020, Paul Ruthenberg directly or indirectly owned at least 80% of the membership interest and/or at least 80% of the profits interest or capital interest of Sixsons.

16. Accordingly, on December 31, 2020, Midwestern Sanitation and Sixsons were a group of trades or businesses under common control (the "Midwestern Sanitation Controlled Group") and therefore constituted a single employer within the meaning of 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder.

17. The Midwestern Sanitation Controlled Group is the "employer" for purposes of determining and assessing withdrawal liability under MPPAA.

18. Additionally, during the period from before 2017 through at least December 31, 2020, Paul Ruthenberg was the president of P&R II and directly or indirectly owned at least 50% of the membership interest and/or at least 50% of the profits interest or capital interest of P&R II.

**II. The Delinquent Contributions, Withdrawal Liability, 2021 Lawsuit, and the Judgment Against Midwestern Sanitation.**

    **A.    Delinquent Contributions.**

19.    Midwestern Sanitation was previously bound by collective bargaining agreements with a certain local union affiliated with the International Brotherhood of Teamsters under which Midwestern Sanitation was required to make contributions to the Pension Fund on behalf of certain of its employees.

20.    Midwestern Sanitation was also bound by a participation agreement under which it was required to make contributions to the Pension Fund on behalf of certain of its employees.

21.    Midwestern Sanitation also agreed to be bound by the terms of the Pension Fund's Trust Agreement and all rules and regulations promulgated by the Pension Fund's trustees under said Trust Agreement.

22.    On January 10, 2017, the Pension Fund filed suit against Midwestern Sanitation in the United States District Court for the Northern District of Illinois in a case captioned *Central States, Southeast and Southwest Areas Pension Fund et al. v. Midwestern Sanitation Company*, Case No. 17-cv-181, to collect unpaid contributions (and interest due thereon) owed by Midwestern Sanitation to the Pension Fund (the "2017 Lawsuit").

23.    In October 2017, the parties executed an agreement in an attempt to, among other things, settle the 2017 Lawsuit and secure Midwestern Sanitation's compliance with its past due contribution payment obligations. However, Midwestern Sanitation failed to pay off the contributions delinquency as it was required to do and also became delinquent for additional contributions owed to the Pension Fund.

**B.     The Withdrawal Liability.**

24.     By letter dated February 26, 2018, the Pension Fund notified Midwestern Sanitation, via Paul Ruthenberg and Midwestern Sanitation's attorney, Jason Bank, that upon Midwestern Sanitation's failure to resolve certain contribution delinquencies, the Pension Fund would seek approval from its trustees to administratively terminate Midwestern Sanitation's participation in the Pension Fund.

25.     Midwestern Sanitation, through counsel, contacted the Pension Fund after receiving the February 26, 2018 letter and requested a postponement of the Pension Fund's administrative termination of Midwestern Sanitation based upon the representation that Midwestern Sanitation would make payment of certain of the contribution delinquencies.

26.     By letter dated November 18, 2019, the Pension Fund again notified Midwestern Sanitation, via Paul Ruthenberg and Midwestern Sanitation's attorney, Jason Bank, of Midwestern Sanitation's continued failure to resolve contribution delinquencies, and that the Pension Fund would seek approval from its trustees to administratively terminate Midwestern Sanitation.

27.     On or about December 31, 2020, Midwestern Sanitation ceased operations prior to being administratively terminated by the Pension Fund.

28.     Therefore, on or about December 31, 2020, the Midwestern Sanitation Controlled Group permanently ceased to have an obligation to contribute to the Pension Fund and/or permanently ceased all covered operations, thereby effecting a "complete withdrawal" from the Pension Fund within the meaning of 29 U.S.C. § 1383 (the "Withdrawal").

29.     As a result of the Withdrawal, the Midwestern Sanitation Controlled Group incurred joint and several withdrawal liability to the Pension Fund in the principal amount of $8,672,698.44, as determined under 29 U.S.C. § 1381(b) (the "Withdrawal Liability").

30.     On or about March 19, 2021, the Midwestern Sanitation Controlled Group, through Midwestern Sanitation, received a notice and demand for payment of the Withdrawal Liability issued by the Pension Fund in accordance with 29 U.S.C. §§ 1382(2) and 1399(b)(1). In the notice and demand, the Pension Fund demanded full payment of the entire amount of the Withdrawal Liability by April 1, 2021, pursuant to 29 U.S.C. § 1399(c)(5)(B), and Appendix E, §§ 5(e)(2)(E) and 5(e)(2)(F) of the Pension Fund's Plan. The amount demanded was $8,672,698.44, the balance owed at that time on the Withdrawal Liability.

**C.      The 2021 Lawsuit and the Judgment.**

31.     On August 11, 2021, the Pension Fund and Charles A. Whobrey, as trustee, filed suit against Midwestern Sanitation in the United States District Court for the Northern District of Illinois in a case captioned *Central States, Southeast and Southwest Areas Pension Fund et al. v. Midwestern Sanitation Company*, Case No. 21-cv-4290, to collect past due employer contributions and the Withdrawal Liability owed to the Pension Fund (the "2021 Lawsuit").

32.     On November 22, 2021, the District Court entered a judgment against Midwestern Sanitation in the 2021 Lawsuit in the total amount of $14,363,904.43 (the "Judgment"), which consisted of the following: (a) past due employer contributions for the period of March 31, 2019 through November 30, 2019, the period of April 26, 2020 through December 31, 2020, and for periods prior to September 13, 2017, plus associated interest, statutory damages, and attorney's fees and costs in the total amount of $3,668,052.68, and (b) past due Withdrawal Liability plus associated interest, liquidated damages, and attorney's fees and costs in the total amount of $10,695,851.75. The Judgment also included post-judgment interest on the entire Judgment balance.

33. No payments have been made towards the past due contributions, the Withdrawal Liability, or the Judgment.

34. In September 2021, Midwestern Sanitation, through its attorney, Jason Bank, represented that it had no assets remaining to satisfy the Judgment.

### III. Midwestern Sanitation's Transfers of Monies to Paul Ruthenberg, Roberta Hill-Ruthenberg, Sixsons, and P&R II.

35. Midwestern Sanitation has continually been delinquent in its payment obligations to the Pension Fund since before December 18, 2018.

36. During the approximate period of January 20, 2017 through at least September 2, 2021, Midwestern Sanitation (at the direction of Paul Ruthenberg), upon information and belief, made transfers of monies to Paul Ruthenberg of at least $47,949.15.

37. During the approximate period of January 1, 2019 through at least December 31, 2019, Midwestern Sanitation (at the direction of Paul Ruthenberg), upon information and belief, transferred monies to P&R II in the approximate amount of at least $6,223.37.

38. In February 2020, Midwestern Sanitation (at the direction of Paul Ruthenberg), upon information and belief, transferred monies in the approximate amount of $8,000.00 to Roberta Hill-Ruthenberg.

39. In April 2021, Midwestern Sanitation (at the direction of Paul Ruthenberg), upon information and belief, transferred monies in the approximate amount of $4,000.00 to Sixsons.

40. During the period of January 6, 2018 through at least December 18, 2019, Paul Ruthenberg, upon information and belief, also charged more than $200,000.00 in personal expenses and/or expenses unrelated to the business of Midwestern Sanitation to Midwestern Sanitation's corporate American Express charge card.

41. Upon information and belief, Midwestern Sanitation did not receive any consideration for any of the transfers and incurrence and payment of expenses referenced in paragraphs 36-40.

## CLAIM FOR RELIEF

## COUNT I – FOR WITHDRWAL LIABILITY AGAINST SIXSONS

42. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 30 of this Complaint as though fully set forth herein.

43. As noted above in paragraph 16, on December 31, 2020, Midwestern Sanitation and Sixsons were a group of trades or businesses under common control (*i.e.*, the Midwestern Sanitation Controlled Group) and therefore constituted a single employer within the meaning of 29 U.S.C. § 1301(b)(1) and the regulations promulgated thereunder.

44. As noted above in paragraph 30, the Midwestern Sanitation Controlled Group, through Midwestern Sanitation, received the notice and demand for payment of the Withdrawal Liability.

45. The Midwestern Sanitation Controlled Group failed to timely request review of the Withdrawal Liability pursuant to 29 U.S.C. § 1399(b)(2)(A), and has, therefore, waived the right to initiate arbitration pursuant to 29 U.S.C. § 1401(a)(1). Consequently, the Midwestern Sanitation Controlled Group has waived any potential challenges to the Withdrawal Liability.

46. The Midwestern Sanitation Controlled Group has failed to remit the past due Withdrawal Liability to the Pension Fund.

47. Sixsons, as a member of the Midwestern Sanitation Controlled Group, is jointly and severally liable to the Pension Fund for the Withdrawal Liability.

**WHEREFORE,** Plaintiffs request the following relief:

(a) A judgment against Defendant Sixsons, and on behalf of Plaintiffs, pursuant to 29 U.S.C. §§ 1132(g)(2) and 1451(b), for --

    (i) the past due Withdrawal Liability in the amount of $8,672,698.44;

    (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged;

    (iii) an amount equal to the greater of interest on the past due Withdrawal Liability or liquidated damages of 20% of the past due Withdrawal Liability; and

    (iv) attorneys' fees and costs.

(b) Post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually; and

(c) For such further or different relief as this Court may deem proper and just.

**COUNT II – FOR WITHDRAWAL LIABILITY UNDER THE EVADE OR AVOID PROVISION OF ERISA, 29 U.S.C. § 1392(c) AGAINST ALL DEFENDANTS**

48. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49. This Count is brought against Defendants Sixsons, P&R II, Paul Ruthenberg, and Roberta Hill-Ruthenberg.

50. 29 U.S.C. § 1392(c) prohibits a transaction if a principal purpose of the transaction is to evade or avoid withdrawal liability.

51. As noted in paragraphs 36-40 above, Paul Ruthenberg, upon information and belief, caused Midwestern Sanitation to make the transfers of monies, and to incur and pay the personal expenses of Paul Ruthenberg and/or expenses unrelated to the business of Midwestern Sanitation, including: (a) transfers to Paul Ruthenberg of more than $47,949.15 during the approximate period of January 20, 2017 through at least September 2, 2021; (b) transfers to P&R II in the approximate amount of at least $6,223.37 during the approximate period of January 1, 2019 through at least December 31, 2019; (c) transfers to Roberta Hill-Ruthenberg in the approximate amount of $8,000.00 in February 2020; (d) transfers to Sixsons in the approximate amount of $4,000.00 in April 2021; and (e) payment of Paul Ruthenberg's personal expenses and/or expenses unrelated to the business of Midwestern Sanitation in an amount exceeding $200,000.00 during the period of January 6, 2018 through at least December 18, 2019.

52. Given the facts set forth in paragraphs 23-26, when Paul Ruthenberg caused Midwestern Sanitation to make the transfers and incur and pay expenses unrelated to Midwestern Sanitation beginning January 20, 2017, Midwestern Sanitation and Paul Ruthenberg knew that Midwestern Sanitation would be left unable to resolve Midwestern Sanitation's delinquencies owed to the Pension Fund, that the Pension Fund would administratively terminate Midwestern Sanitation's participation in the Pension Fund and assess Midwestern Sanitation with withdrawal liability, and that Midwestern Sanitation would be left unable to pay the withdrawal liability.

53. Further, given the fact set forth in paragraph 27, Paul Ruthenberg knew that Midwestern Sanitation would have no source of revenue and would be unable to pay expenses

when he caused Midwestern Sanitation to make the transfers and incur and pay expenses unrelated to Midwestern Sanitation after December 2020.

54. Thus, during the approximate period of no later than January 20, 2017 through at least September 2, 2021, Midwestern Sanitation and Paul Ruthenberg knew that Midwestern Sanitation would be incurring withdrawal liability to the Pension Fund, and that Midwestern Sanitation would be unable to pay the withdrawal liability as a result of the various transfers and incurrence and payment of expenses described in paragraphs 36-40.

55. As discussed, Midwestern Sanitation also received no consideration in exchange for the transfers and payment of Paul Ruthenberg's personal expenses and/or expenses unrelated to the business of Midwestern Sanitation.

56. Upon information and belief, a principal purpose behind the transfers Paul Ruthenberg caused Midwestern Sanitation to make, including by causing Midwestern Sanitation to pay his personal expenses and/or the expenses unrelated to Midwestern Sanitation's business, was to evade or avoid the payment of the Withdrawal Liability owed by the Midwestern Sanitation Controlled Group to the Pension Fund.

57. Therefore, pursuant to 29 U.S.C. § 1392(c), the transfers and payment by Midwestern Sanitation of Paul Ruthenberg's expenses and/or expenses unrelated to Midwestern Sanitation's business are to be disregarded and each of the transferee and beneficiary Defendants—P&R II, Sixsons, Paul Ruthenberg, and Roberta Hill-Ruthenberg—may be held liable for the amounts that were transferred to or for the benefit of each Defendant.

**WHEREFORE,** Plaintiffs request the following relief:

(a) That this Court, pursuant to 29 U.S.C. § 1392(c), disregard Midwestern Sanitation's transfers to the Defendants and payment of Paul Ruthenberg's personal expenses and/or expenses unrelated to Midwestern Sanitation's business;

(b) That this Court, pursuant to 29 U.S.C. § 1392(c) and 29 U.S.C. §§ 1132(g)(2) and 1451(b), enter separate judgments against each of the Defendants P&R II, Sixsons, Paul Ruthenberg, and Roberta Hill-Ruthenberg, with each judgment being for the lesser of the: (i) Withdrawal Liability in the amount of $8,672,698.44 or the amount transferred from Midwestern Sanitation to or for the benefit of each such Defendant; (ii) interest computed and charged at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged; (iii) liquidated damages in an amount equal to the greater of the interest amount due under (ii) or 20% of the amount due under (i); (iv) attorneys' fees and costs; and (v) post-judgment interest computed and charged on the entire judgment at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which interest is charged, compounded annually;

(c) That this Court impose a constructive trust on all funds that Midwestern Sanitation transferred and paid to or on behalf of P&R II, Sixsons, Paul Ruthenberg, and Roberta Hill-Ruthenberg through the transfers and payments referenced above, on any property purchased using said funds, and against any monies obtained in exchange for such assets; and

(d) Such further or different relief as this Court may deem proper and just.

## COUNT III – MICHIGAN UNIFORM VOIDABLE TRANSACTIONS ACT AGAINST ALL DEFENDANTS

58. Plaintiffs hereby reallege and incorporate each and every allegation made in paragraphs 1 through 57 of this Complaint as though fully set forth herein.

59. This Count is brought against Defendants P&R II, Sixsons, Paul Ruthenberg, and Roberta Hill-Ruthenberg.

60. Under Mich. Comp. Laws § 566.34(4)(1)(b)(ii) of the MUVTA, a transfer made or obligation incurred by an entity is voidable as to a creditor of that entity—regardless of whether the creditor's claim arose before or after the transfer was made or the obligation was incurred—if the entity did not receive a reasonably equivalent value in exchange for the transfer or obligation and the entity intended to incur, believed, or reasonably should have believed that it would incur debts beyond its ability to pay them as they became due.

61. Under Mich. Comp. Laws § 566.34(4)(1)(a) of the MUVTA, a transfer made or obligation incurred by an entity is voidable as to a creditor of that entity—regardless of whether the creditor's claim arose before or after the transfer was made or the obligation was incurred—if the transfer was made with actual intent to hinder, delay, or defraud a creditor.

62. In addition to the transfers and payment of personal expenses and/or expenses unrelated to Midwestern Sanitation's business that Paul Ruthenberg caused Midwestern Sanitation to make and enter into being transactions made with a principal purpose of evading or avoiding the Withdrawal Liability, the facts and allegations set forth in paragraphs 22-27, 30, 35-41, and 50-55 above also show that the transfers and payments were made and entered into with actual intent to hinder, delay, or defraud the Pension Fund in relation to the Pension Fund's claims for Withdrawal Liability and delinquent contributions, that Midwestern Sanitation did not receive a reasonably equivalent value in exchange for the transfers and payments, and that Midwestern

Case: 1:25-cv-08041 Document #: 1 Filed: 07/15/25 Page 14 of 15 PageID #:14

Sanitation believed or reasonably should have believed that it would be left unable to pay its debts, including the Withdrawal Liability and delinquent contributions.

63. Thus, the transfers and payment by Midwestern Sanitation of Paul Ruthenberg's expenses and/or expenses unrelated to Midwestern Sanitation's business are voidable as to the Pension Fund within the meaning of Mich. Comp. Laws § 566.34(4)(1)(a) and Mich. Comp. Laws § 566.34(4)(1)(b)(ii) of the MUVTA.

**WHEREFORE**, Plaintiffs request the following relief pursuant to Mich. Comp. Laws § 566.34(4)(1)(a) and Mich. Comp. Laws § 566.34(4)(1)(b)(ii) of the MUVTA:

(a) Avoidance of all transfers and payments referenced above from Midwestern Sanitation to or on behalf of Defendants P&R II, Sixsons, Paul Ruthenberg, and Roberta Hill-Ruthenberg;

(b) Separate judgments against Defendants P&R II, Sixsons, Paul Ruthenberg, and Roberta Hill-Ruthenberg, each for the amount transferred or paid from Midwestern Sanitation to or on behalf of such Defendant (plus interest), with the collective amount of such separate judgments not to exceed the amount of the Judgment previously entered in favor of Plaintiffs and against Midwestern Sanitation (including post-judgment interest as provided for in the Judgment);

(c) An attachment, levy of execution, or other provisional remedy against all monies that Midwestern Sanitation transferred and paid to or on behalf of Defendants P&R II, Sixsons, Paul Ruthenberg, and Roberta Hill-Ruthenberg through the transfers and payments referenced above, against any property purchased with said monies, and against any monies obtained in exchange for said assets;

(d) An injunction prohibiting Defendants P&R II, Sixsons, Paul Ruthenberg, and Roberta Hill-Ruthenberg from transferring any monies that Midwestern Sanitation transferred or

FV: 468655046 / 21411089 / 7/15/25    -14-

paid to or on behalf any of them through the transfers and payments referenced above, any property purchased with said monies, and any monies obtained in exchange for said assets, unless such transfers are ordered by this or another court; and

    (e)    Such further or different relief as this Court may deem proper and just.

Respectfully submitted,

*/s/ Lois J. Yu*
Lois J. Yu (ARDC #6321772)
Central States Law Department
8647 W. Higgins Road, 8th Floor
Chicago, Illinois 60631
847-939-2116
lyu@centralstatesfunds.org

July 15, 2025                        *ATTORNEY FOR PLAINTIFFS*